Matter of the Application of CHARLES S. WHITMAN for an Examination of Ballots, Pursuant to the Provisions of Section 374 of the Election Law.

(Supreme Court, New York Special Term, November, 1918.)

Election Law, § 374 — when candidate for public office not entitled to examination of ballots until certificate of election has been issued.

Where no reason for an earlier decision is shown, a candidate for public office is not entitled to an examination of ballots upon which his name lawfully appears, until the official canvass of the vote has been completed and the secretary of state has issued a certificate of election.

An order entered upon an application made by a candidate for public office under section 374 of the Election Law should provide for the examination of ballots after the secretary of state has issued the certificate of election, and in the city of New York should be under the supervision of the board of elections at such places as it may designate, and the inspection of the ballots should proceed on the day following the issuance of the certificate of election. The order should also provide that petitioner file a stipulation in writing to pay all the expenses incurred by the board of elections, or upon its demand deposit a sum in cash for like purpose, with leave to the board to apply to the court for such further deposit as may be necessary.

Misc.]          Supreme Court, November, 1918.

MOTION for an examination of ballots pursuant to provisions of section 374 of the Election Law.

Emil E. Fuchs, Abraham S. Gilbert and Herbert R. Limburg, for petitioner.

Abram I. Elkus, James A. Foley, Edgar M. Cullen and John G. Saxe, for Alfred E. Smith.

S. J. Block, for C. W. Erwin.

William P. Burr, corporation counsel (G. P. Nicholson, of counsel), for board of elections.

PHILBIN, J.   The petitioner is entitled to an examination of any ballots upon which his name lawfully appears.   Election Law, § 374.   I do not think, however, that he is so entitled until the canvass of the vote has been officially completed and the secretary of state has issued a certificate of election.   There is nothing in the petition showing any reason for an earlier examination.

After reciting that the unofficial returns indicate that the respondent Alfred E. Smith has received a plurality of the votes over the petitioner (exclusive of the votes cast by sailors and soldiers) amounting to a small fraction of one per cent of the total vote and that the votes for the other candidates for governor are several hundred thousand less than those cast for the petitioner and respondent, the petition sets forth the grounds of the application.   It is alleged that the petitioner is informed and believes that there was inaccuracy in the counting and recording of the votes in many districts and that an examination of the ballots will show that the petitioner received a greater number of votes than the respondent and was duly

elected; that the petitioner has been requested by the
state committee of the Republican party to make the
application, as more fully appears by a letter to that
effect incorporated in the petition.  There is no aver-
ment that any fraud has been committed or that there
has been any specific irregularity in the counting of
the vote.

Counsel for the petitioner says that a postponement
of the examination of ballots until after the completion
of the official canvass will deprive him of any reme-
dies the law affords prior to the issuance of the certifi-
cate to the respondent and his induction into office.
Although on the argument the counsel was asked to
state in what manner any existing remedies would be
thus prejudiced or defeated unless an examination of
the ballots was allowed forthwith, he declined to say.

On the other hand, I think that there are very sub-
stantial reasons why the relief sought should not be
granted during the official canvass.  It is contem-
plated by law that there shall ordinarily be but one
examination of the ballots and that the same shall be
made by the inspectors of election.  No one else —
not even the official canvassers — is permitted to
examine the ballots except upon an order of the court
in a proper case, unless the matter involves a con-
tested election of members of the legislature, in which
event a committee of the legislature may order an
examination.  Election Law, §§ 374, 437.  The reason
is obvious.  The promiscuous handling of ballots after
election would afford opportunity for the perpetration
of fraud.  Even in the recent case of *Delehanty* v.
*McIntyre,* tried in this court, it was charged during
the trial that one of the ballots then being examined
in the presence of the court and jury had actually been
tampered with in court, and the incident was sub-
mitted to the jury with the other facts in the case tend-

ing to show an alteration of the ballots.  It is, therefore, the obvious duty of the court in granting such an application as is now presented to do so under such circumstances as will be likely to avoid further examinations made upon other similar applications.  It would seem that a deferring of the examination until after the official canvass has been completed will be more likely to attain the desired result than if examinations are permitted during the canvass.  It would also seem that an examination of the ballots before the official canvass has been completed and the result declared would be premature.

The order should provide for the examination of the ballots after the issuance of the certificate by the secretary of state.  The examination should be under the supervision of the board of elections of the city of New York at the office of the board or at such other place or places as the board may designate.  The inspection should proceed on the day following the issuance of the certificate and at nine o'clock in the forenoon of that day.  It shall also be provided that the petitioner file a stipulation in writing to pay all expenses incurred by the board of elections or, upon demand of the said board, deposit a sum in cash for like purpose and with leave to the board to apply to the court for such further deposit as may be necessary.  The respondent asks that certain other conditions be imposed, but I do not think that they are necessary or proper.  The additional details as to the manner of conducting the examination will be fixed upon the settlement of the order.

Ordered accordingly.